UNITED STATES of America,
Plaintiff–Appellee,

v.

Elbert Lee GOULD, Defendant–
Appellant.

No. 90–2497.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1992.
Decided Jan. 8, 1993.

Frederick J. Hess, U.S. Atty., Robert Haida, Kit R. Morrissey (argued), Asst. U.S. Attys., Crim. Div., Fairview Heights, IL, for plaintiff-appellee.

Michael Dwyer, David R. Freeman, Federal Public Defender (argued), Office of Federal Public Defender, St. Louis, MO, for defendant-appellant.

Before FLAUM and MANION, Circuit Judges, and CURRAN, District Judge.*

CURRAN, District Judge.

Elbert Lee Gould, a former member of the Carbondale Illinois Police Department, was indicted on one count of conspiring to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. On May 3, 1990, Gould pleaded guilty to the lesser included offense of conspiracy to possess cocaine with the intent to distribute. At the time of his plea Gould stipulated that, while serving as a City of Carbondale police officer, he had warned another member of the conspiracy of the identity of four informants and of police surveillance.

At the sentencing hearing on July 3, 1990, Charles Gunn, who had pleaded guilty to being a member of the conspiracy, testified that he had known Gould for twelve or fourteen years on a social basis. Then, in the spring of 1989, Gunn began selling quarter grams of cocaine to Gould. During this time, Gunn said that Gould provided him with information concerning police surveillance of Gunn's house and car and descriptions of undercover police vehicles. Gould also supplied the names of four police informants.

After receiving this testimony at the sentencing hearing, Judge Foreman found that Gould's base offense level should be adjusted upward by two levels pursuant to Section 3B1.3 of the Sentencing Guidelines for abusing a position of public trust. Judge Foreman explained to the defendant that:

> I think that you significantly facilitated this conspiracy in the sense that, by giving this information to Mr. Gunn, it could easily have kept him from being caught earlier. Certainly could have easily and maybe did help him from being detected, and that might very well have let him continue his activity a little bit longer in

the conspiracy and in the selling of the drugs.

Transcript of Sentencing Hearing at 57.

Taking this enhancement into account, Judge Foreman sentenced Gould to eighteen months incarceration, followed by three years of supervised release, plus a special assessment of $50.00. Gould then filed a timely notice of appeal. *See* 18 U.S.C. § 3742; 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b).

The sole issue raised by Gould on appeal is whether the district court abused its discretion by enhancing Gould's sentence based on its finding that Gould abused a position of public trust in a matter that significantly facilitated the commission or concealment of the crime of which he pleaded guilty. *See* United States Sentencing Commission, *Guidelines Manual*, § 3B1.3 (1990). Because we conclude that the district court did not abuse its discretion, we affirm.

 Factual findings used to determine the appropriate sentencing guideline range are reviewed under the clearly erroneous standard, while conclusions of law are reviewed *de novo*. A finding can be said to be clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The statute establishing appellate review of sentencing decisions under the Guidelines provides that the court of appeals "shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (West Supp.1991).

Sentencing Guideline § 3B1.3 provides that: "[I]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." United States Sentencing Commission, *Guidelines*

---

* The Honorable Thomas J. Curran, District Judge for the Eastern District of Wisconsin, is sitting by designation.

*Manual,* § 3B1.3. Application Note 1 further states that: "The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller."

By its terms, section 3B1.3 presents two issues: (1) whether the defendant occupies a position of trust, and (2) whether the defendant abused his position in a manner that significantly facilitated the commission or concealment of the offense. *United States v. Brown,* 941 F.2d 1300, 1304 (5th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991). Gould does not deny that, as a police officer, he occupied a position of public trust. Thus, the court will only address the second issue.

The fact that Gould was a police officer cannot, in and of itself, trigger the application of section 3B1.3 unless Gould also used the information he derived from being a police officer to conceal the illegal activities of himself and his co-conspirators. *See United States v. Rehal,* 940 F.2d 1, 5 (1st Cir.1991). Gould does not deny that he passed along information concerning surveillance practices and the names of informants to co-conspirator Charles Gunn. However, the defendant quarrels with the district court's finding that this information provided "substantial" assistance, as required by section 3B1.3. Gould argues that the names of the informants were already generally known among the conspirators' associates. He also maintains that there is no basis for a finding that the informant identity or surveillance tips kept Gunn or the others from being detected sooner.

Obviously, Gould and his co-conspirators were ultimately unsuccessful in concealing their cocaine dealing conspiracy. However, ultimate success is not a measure of "significant" contribution under the Guidelines. *See United States v. Foreman,* 926 F.2d 792, 796 (9th Cir.1990). The Ninth Circuit has explained that: "the guideline's use of the word 'facilitated' implies that the drafters of this section intended it to apply to any abuse of a position of trust which significantly made it easier to commit or conceal a crime regardless of the success of that abuse." *Id.* In this case the district court found that the information supplied by Gould significantly aided the conspirators by allowing them to operate for a longer time before they were arrested.

The sentencing court was not erroneous in reaching this conclusion. Gould clearly used his position of trust as a police officer to garner intelligence which he knew would be useful to co-conspirator Charles Gunn in concealing his cocaine dealing activities. Therefore, because the district court properly assessed a two-level upward adjustment in Gould's sentence under section 3B1.3 of the Guidelines, the sentence imposed by the district court Is AFFIRMED.