99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond POER, Defendant-Appellant.
 No. 96-1607.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 6, 1996.
Decided Sept. 24, 1996.
 
 Before CUMMINGS, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Raymond Poer pleaded guilty on December 18, 1995 to possession of a nail bomb in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871. The District Court sentenced Poer to 37 months of imprisonment--the low end of the sentencing range mandated by the Sentencing Guidelines. Poer now appeals, however, challenging 1) the lower court's refusal to depart downward in sentencing, and 2) the lower court's four-level enhancement of the offense level for possessing the bomb with the intent to commit another felony, to wit, bombing an acquaintance's car.
 
 
 2
 Regarding the failure to depart downward, the law is crystal clear that we do not have jurisdiction to review a district court's discretionary refusal to grant a downward departure. United States v. Jones, 55 F.3d 289, 292 (7th Cir.), cert. denied, 116 S.Ct. 161 (1995); United States v. Gulley, 992 F.2d 108, 111 (7th Cir.1993). 18 U.S.C. § 3742(a)(3) allows a defendant to appeal a sentence greater than the applicable Guideline range, but no statutory provision gives us authority to hear a defendant's appeal of a sentence below that range. We would have jurisdiction under 18 U.S.C. § 3742(a) to review an erroneous legal conclusion reached by the District Court, but no such error has been brought to our attention either by Poer's counsel or by our review of the record.
 
 
 3
 Regarding the four-level enhancement under USSG § 2K2.1(b)(5) for intent to use the bomb in connection with another felony, we review a district court's findings of fact in determining the Sentencing Guideline range only for clear error. United States v. Gould, 983 F.2d 92, 93 (7th Cir.1993). In other words, we may reverse a trial court only if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Sykes, 7 F.3d 1331, 1335 (7th Cir.1993). Poer contends that he decided at the last minute not to blow up the car and that he thus does not deserve the sentence enhancement. Assuming, for the sake of argument, that Poer is telling the truth, the enhancement is still appropriate. The issue under § 2K2.1(b)(5) is not whether Poer intended to commit another felony when he was arrested for possession of the bomb, but rather whether Poer at any time possessed the bomb with such a felonious intent. The evidence at the sentencing hearing showed that Poer had certainly at one point both possessed the bomb and intended to use it to blow up the car. Indeed, Judge Lozano determined that Poer never changed his mind until he was literally under the glare of a police spotlight. The District Court's sentence enhancement was therefore certainly not clearly erroneous.
 
 
 4
 Finally, in response to Poer's general claim that 37 months is too harsh of a sentence for a young man who was employed, had been a member of the National Guard, and had no previous criminal record, we would note that Poer's sentence was not the choice of the trial court judge but rather was based on guidelines promulgated by the United States Sentencing Commission and subject to the review of Congress. We would further note that Poer's clean criminal record did minimize his sentence under the Sentencing Guidelines and that his acceptance of responsibility for the crime lowered the applicable sentencing range by at least 14 months.
 
 
 5
 Poer's appeal of the District Court's decision to stay within the Sentencing Guideline range is DISMISSED, and the sentence imposed by that court is AFFIRMED.