F I L E D
United States Court of Appeals
Tenth Circuit

JAN 20 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

DARRYL D. BURT,

       Defendant - Appellant.

No. 97-2030

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-96-529-SC)

Stephen P. McCue, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Miles Hansee, Assistant U. S. Attorney (John J. Kelly, United States Attorney, and Charles L. Barth, Assistant U. S. Attorney, on the brief), District of New Mexico, Albuquerque, New Mexico, for Plaintiff-Appellee.

Before **PORFILIO**, **McKAY**, and **BRISCOE**, Circuit Judges.

**McKAY**, Circuit Judge.

Mr. Darryl D. Burt, Defendant, appeals the sentence imposed by the United States District Court for the District of New Mexico for the offense of possession with intent to distribute less than 500 grams of cocaine. Defendant appeals the district court's two-level increase for abuse of a position of trust or special skill pursuant to United States Sentencing Guideline § 3B1.3 and its denial of his request for a sentence concurrent with an undischarged state sentence he was serving.

U.S.S.G. § 3B1.3 provides a sentence enhancement for the abuse of a position of trust or the use of a special skill which "significantly facilitated the commission or concealment of [an] offense." U.S.S.G. § 3B1.3. For Defendant to be subject to the enhancement, the court must find two things: (1) Defendant possessed a special skill or a position of trust; and (2) Defendant used that skill or abused that position to significantly facilitate the commission or concealment of the offense.

We cannot uphold the section 3B1.3 enhancement on the ground of abuse of a position of trust because the record contains no evidence to support the conclusion that Defendant used his position as an officer to significantly facilitate the commission or concealment of the crime. The mere fact that Defendant was a suspended deputy sheriff is insufficient to trigger application of section 3B1.3 without an adequate showing that Defendant abused that position to significantly facilitate the crime. See United States v. Gould, 983 F.2d 92, 94 (7th Cir. 1993) (Status as "police officer cannot, in and of itself, trigger the application of section 3B1.3."). Although it is clear and understandable that

2

the judge was upset that a suspended officer would resort to dealing drugs, it was improper to apply the enhancement solely because Defendant once occupied a position of trust. The enhancement could apply only if Defendant used his officer position to significantly facilitate the commission or concealment of the crime underlying this case. The record lacks the requisite evidence to support the enhancement on the ground of abuse of a position of trust.

At the sentencing hearing, the district judge did not mention any special skills as a basis for the section 3B1.3 enhancement he applied, and he appeared to base his enhancement decision solely on Defendant's status as a suspended deputy sheriff. However, the presentence report mentioned both grounds for the section 3B1.3 enhancement in an indiscriminate fashion. Because the court adopted the presentence report, the government urges us to uphold the enhancement on the basis of special skills despite the trial judge's silence on the subject. Accordingly, we will consider whether the record supports a section 3B1.3 enhancement for the use of a special skill.

We begin with the first prong of the section 3B1.3 inquiry: whether Defendant possessed special skills within the meaning of the guideline. We review the district court's factual findings for clear error, and the legal meaning of the term "special skill" we determine *de novo*. See United States v. Williamson, 53 F.3d 1500, 1525 (10th Cir. 1995); United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir. 1993). At the sentencing hearing, the government urged the court to apply the section 3B1.3

3

enhancement because Defendant possessed the special skills of a drug dealer such as knowing how to conceal cocaine in a stash can. We must answer the question of whether such tricks of the trade of drug dealing qualify Defendant for a section 3B1.3 enhancement.

The section 3B1.3 commentary explains that "'[s]pecial skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." U.S.S.G. § 3B1.3, comment. (n. 2). Although formalized education, training, or licensing is usually necessary to trigger the enhancement, we have held that special skills can be derived from experience or from self-teaching. See United States v. Gandy, 36 F.3d 912, 914 (10th Cir. 1994). The government insists that Defendant learned his "special skills" through his work in narcotics investigation. We hold that regardless of whether Defendant learned his drug-dealing tricks through his work as a deputy sheriff or through self-teaching, tricks such as concealing drugs in a can with a false bottom do not qualify as "special skills" within the meaning of the guidelines.

Such drug-dealing "skills" cannot reasonably be equated with the skills developed and possessed by "pilots, lawyers, doctors, accountants, chemists and demolition experts." U.S.S.G. § 3B1.3, comment. (n. 2). The interpretation of "special skills" that the government urges would make all drug-dealing tricks "special skills" and make

4

anyone caught dealing drugs subject to the enhancement. The Sentencing Commission did not intend such a result. See United States v. Young, 932 F.2d 1510, 1513 (D.C. Cir. 1991). To apply a section 3B1.3 enhancement, the skill "must be more than the mere ability to commit the offense." Id. As explained by the D.C. Circuit in United States v. Young, "Nothing in the commentary suggests that § 3B1.3 applies to a criminal who, like appellant, bones up on the tricks of his trade and becomes adept at committing a crime that the general public does not know how to commit." Id. at 1514; accord United States v. Harper, 33 F.3d 1143, 1152 (9th Cir. 1994).

Our decision comports with the decisions of other circuits addressing the applicability of the special skills enhancement to drug activities. See United States v. Mainard, 5 F.3d 404, 406 (9th Cir. 1993) (holding that mere fact that defendant had sophisticated ability to manufacture methamphetamine, absent showing that he had abused preexisting legitimate skill, could not be basis for special skill enhancement); Young, 932 F.2d at 1512-13 (reversing a special skills enhancement based on the defendant's ability to manufacture PCP). Although Defendant might have developed a talent for dealing drugs, "the mere exercise of that criminal skill could not call down application of section 3B1.3." Mainard, 5 F.3d at 407.

Drug-dealing skills that exhibit no specialized knowledge beyond that typically possessed by any individual involved in drug dealing will not support a section 3B1.3 enhancement. However, we do not dismiss the possibility that the knowledge Defendant

5

had of the narcotics agents in the area, the surveillance techniques those agents employed, and the methods the agents used to orchestrate controlled "buys" by informants may qualify as "special skills." The government argues that this specialized knowledge made concealment of the offense significantly easier. Such special skills of detection learned through narcotics investigation work may, in some cases, be sufficient for application of section 3B1.3. In this case we do not decide that issue because the second prong required for the enhancement, the use of those skills to significantly facilitate the commission or concealment of the offense, cannot be met on these facts. There is no evidence in the record to support a finding that Defendant actually used his knowledge of narcotics detection techniques to significantly facilitate the concealment of his crime. Quite the contrary, the evidence in the record is that rather than attempting to conceal his crime, when law enforcement officers knocked at his door, he directed them to the garage to search his car for the cocaine. Without the requisite connection between the crime and Defendant's special knowledge, the section 3B1.3 enhancement for use of a special skill cannot be affirmed. Therefore, we vacate the sentence imposed by the district court with directions to resentence Defendant without the U.S.S.G. § 3B1.3 enhancement.

We review the district court's order that Defendant's sentence run consecutive to the undischarged state sentence for an abuse of discretion. See United States v. Williams, 46 F.3d 57, 58 (10th Cir. 1995). The district court applied the correct sentencing guideline, U.S.S.G. § 5G1.3(c), without clear error in its analysis under that guideline.

Contrary to Defendant's assertions, the district court should not have applied U.S.S.G. § 5G1.3(b) instead of § 5G1.3(c). U.S.S.G. § 5G1.3(b) is inapplicable because the state offenses were not "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Therefore, we affirm the district court's decision to require that the sentences run consecutively.

The district court's decision to impose a consecutive sentence is AFFIRMED, but we VACATE the sentence and REMAND for resentencing without the U.S.S.G. § 3B1.3 enhancement.