**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANNY D. SMITH, aka Dino,

    Defendant-Appellant.

No. 00-3122

(D.C. No. 98-CR-20034)
(D.Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Danny D. Smith appeals the sentence imposed following his guilty plea to possession with intent to distribute cocaine base (crack cocaine), in

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  We affirm.

I.

Smith was charged with one count of distributing crack cocaine and two counts of possessing with intent to distribute crack cocaine.  Under the terms of the plea agreement, the government agreed to recommend a reduction in offense level for acceptance of responsibility, recommend sentencing at the low end of the guidelines range, dismiss counts one and two of the indictment, and recommend that his sentence run concurrently with a state sentence.  The plea agreement further provided that counts one and two would be included in the calculation of the sentence as relevant conduct.

The presentence investigation report recommended a two-level increase in Smith's sentence pursuant to U.S.S.G. § 2D1.1 because "a semi-automatic handgun was in plain view of the CI when the purchase of cocaine base was made from the defendant."  Report at 6.  In addition, two firearms were found in the residence where the drug transactions occurred.  Smith objected to the two-level increase.  The district court overruled Smith's objection to the two-level increase and calculated his base offense level as 31.  Since he had a criminal history category of 3, the sentencing range was 135 to 168 months.  The court sentenced Smith to 151 months' imprisonment and, over Smith's objection, ordered that the sentence run consecutively to the state sentence.  The court

2

stated it was "not inclined to run this sentence concurrently" because "this offense was committed while Mr. Smith was on bond in the other criminal case" and he had "a significant amount of other criminal conduct involving drugs that was not even computed in the criminal history score or otherwise considered." Aplt. App. at 84-85.

Smith challenges the two-level enhancement for possession of a firearm on two grounds: (1) the government did not prove by a preponderance of the evidence that he possessed the firearm; and (2) application of the two-level enhancement violated the Supreme Court's recent pronouncement in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). He also contends the district court abused its discretion in ordering a consecutive sentence.

## II.

*Possession of firearm*

Under U.S.S.G. § 2D1.1, if, in the commission of a drug offense, "a dangerous weapon (including a firearm) was possessed," courts are required to increase a defendant's base offense level by two levels. "We review the district court's interpretation of § 2D1.1(b)(1) de novo and the court's underlying factual findings for clear error." United States v. Dickerson, 195 F.3d 1183, 1188 (10th Cir. 1999). "'The government bears the initial burden of proving possession by a preponderance of the evidence.'" United States v. Vaziri, 164 F.3d 556, 568

3

(10th Cir. 1999) (citing United States v. Smith , 131 F.3d 1392, 1400 (10th Cir. 1997)).  Once the government meets its burden, "'[t]he enhancement is then appropriate unless the defendant proves the exception – that it is clearly improbable the weapon was connected with the offense.'"  Id.

Smith contends the government has not met its burden of proving possession.  The showing of possession may be satisfied by "'showing mere proximity to the offense.'"  Id.  A showing of "mere proximity" is accomplished when the government "shows that a weapon was located near the general location where at least part of a drug transaction occurred."  Id.  At the sentencing hearing, defense counsel stipulated that the firearm was in proximity to the drugs at the time of the drug transaction and that it was in plain view.  See Aplt. App. at 76.  Smith makes no showing that it was clearly improbable that the firearm was connected with the offense.  Instead, Smith argues the government did not show that he saw or was aware of the firearm.  Actual knowledge of the firearm is not required for the enhancement to be applied.  See United States v. Humphrey , 208 F.3d 1190, 1211 (10th Cir. 2000).  To the extent Smith is arguing the government failed to prove he personally displayed or talked about the firearm, personal possession of the firearm is not necessary.  See Smith , 131 F.3d at 1400.

Smith conceded that he had permission to use the residence for drug deals.

4

Under U.S.S.G. § 1B1.3(a)(1)(B), the transaction qualifies as a jointly undertaken criminal activity. A defendant's base offense level can be enhanced for a jointly undertaken criminal activity on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B). The fact that Smith wore a bulletproof vest to the residence to conduct the drug transaction indicated it was reasonably foreseeable that a firearm would be present.

*Application of Apprendi*

Smith argues that the two-level enhancement cannot withstand constitutional scrutiny under Apprendi because the facts concerning the enhancement were not alleged in the indictment or proven beyond a reasonable doubt to a jury. In effect, he argues that after Apprendi, the "dangerous weapon" enhancement of § 2D1.1(b)(1) is more like the element of a crime than a mere "enhancement" and therefore must be constitutionally treated as such.

In Apprendi, the Court restated the rule set forth in Jones v. United States, 526 U.S. 227, 243 n.6 (1999): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum*

5

must be submitted to a jury, and proved beyond a reasonable doubt. 120 S. Ct. at 2362-63 (emphasis added). Smith concedes "the ultimate sentence was still within the statutory range." Aplt. Br. at 17.

The government correctly argues Smith's concession dooms this challenge. See United States v. Hishaw, No. 99-6258, ___ WL ____ (10th Cir. Dec. 20, 2000) (holding that "as long as defendant's sentence falls within the maximum established by statute," Apprendi is not applicable); United States v. Angle, 230 F.3d 113, 121 (4th Cir. 2000) (holding that "sentencing factors that support a specific sentence within the statutorily prescribed penalty range are still properly submitted to a judge to be found by a preponderance of the evidence"); Talbott v. Indiana, 226 F.3d 866, 869-70 (7th Cir. 2000) (holding that even after Apprendi, "the judge alone determines drug types and quantities when imposing sentences short of the statutory maximum"); United States v. Meshack, 225 F.3d 556, 576-77 (5th Cir. 2000) (holding that as long as a defendant's sentence is within the statutory sentencing range, Apprendi does not prohibit application of a sentencing enhancement that causes a defendant to receive a higher sentence); United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000) (same), cert. denied ___ S. Ct. ___ (Nov. 27, 2000).

*Consecutive sentence*

Smith contends the concurrent sentence runs afoul of the policy statement in U.S.S.G. § 5G1.3(c), which allows a court to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment *to achieve a reasonable punishment for the instant offense*." (Emphasis added.) He argues the sentence is not a reasonable punishment.

"In general, a district court has broad discretion to sentence a defendant to a consecutive or concurrent sentence." United States v. Contreras, 210 F.3d 1151, 1152 (10th Cir. 2000). However, § 5G1.3 limits this discretion. We review the district court's order that a sentence run consecutive to an undischarged state sentence for an abuse of discretion. See United States v. Burt, 134 F.3d 997, 1000 (10th Cir. 1998).

In calculating a "reasonable" punishment, a court should consider the factors set forth in 18 U.S.C. § 3553(a) (nature and circumstances of offense; history and characteristics of defendant; need for sentence imposed; kinds of sentences available and sentencing range; policy statement by Sentencing Commission; need to avoid unwarranted sentence disparities; and need to provide restitution to victims). See 18 U.S.C. § 3584(b); U.S.S.G. § 5G1.3 cmt. 3. The fact that the district court explicitly stated it was imposing a consecutive sentence because the "offense was committed while Mr. Smith was on bond in the other

criminal case, and that he has a significant amount of other criminal conduct involving drugs that was not even computed in the criminal history score or otherwise considered by the guidelines in this case," Aplt. App. at 84-85, indicates it considered those factors and gave thorough consideration to the matter.

In addition to being mindful that a defendant's sentence is reasonable, it is important for a court to consider the "overarching purpose of § 5G1.3 – namely, the prevention of duplicative punishment." United States v. Caraballo, 200 F.3d 20, 28-29 (1st Cir. 1999). Here, there is no duplicative punishment. Smith committed the instant offense while he was on bond pending a trial for state charges.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

8